# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ALMA BANKS, | )<br>) |
| Plaintiff, | ) Case No. 2:11-cv-00441-RLH-PAL<br>) |
| vs. | ) **ORDER**<br>) |
| ANDREANA ROBINSON, *et al.,* | ) (Mot. Circulation of Pendency - Dkt. #17)<br>) |
| Defendants. | ) |

The court conducted a hearing on July 26, 2011, on Plaintiff's Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. 216(b) and for Other Relief (Dkt. #17).  Andrew Rempfer and Christian Gabroy appeared on behalf of the Plaintiff.  Malani Kotchka and Laura Thalacker appeared on behalf of the Defendants.  The court has considered the Motion, Defendants' Opposition (Dkt. #26), Plaintiff's Reply (Dkt. #28) and the arguments of counsel at the hearing.

## BACKGROUND

The Amended Complaint (Dkt. #3) in this case was filed March 24, 2011.  It involves an action under the Fair Labor Standards Act ("FLSA") for unpaid overtime wages.  Plaintiff has also asserted state claims for violation of N.R.S. 608.005 and 608.060.  Plaintiff Alma Banks filed an action on behalf of herself and other similarly situated employees of the Defendants.  Plaintiff alleges that Defendant Andreana Robinson is an alter ego of Defendant Compass Behavioral Health, Focus Consulting, LLC, Achievement Day Program, Inc. and/or Smart Start.  Amended Complaint ¶ 3. Plaintiff was employed by all Defendants.  *Id*. ¶ 8.  She alleges Defendants are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).  Specifically, the Defendants are an enterprise engaged in commerce or in the production of goods for commerce with gross annual sales in excess of $500,000.00.  *Id.* ¶ 9.

Plaintiff alleges that she and others who are similarly situated were employed by Defendants and were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207. *Id*. ¶ 17. Plaintiff and others similarly situated with her were directed by Defendants to work, and did work, in excess of 40 hours per week. *Id.* ¶ 18. Defendant Compass Behavioral paid some consultants through three different companies for work. *Id*. When an employee came near to exceeding 40 hours in a work week, Compass Behavioral would force the employee to accept/become employed and be paid by a second company. *Id*. If that employee again came near to exceeding 40 hours in a work week, the employee would again be forced to accept/become employed and paid by another company. *Id*. Plaintiff and others were not paid overtime for work in excess of 40 hours per week. *Id*. ¶ 20. On average, Plaintiff worked in excess of 40 hours per week each pay period, but was paid on a salary basis with no overtime. *Id*. Plaintiff seeks a judgment for unpaid overtime wages on behalf of herself and other similarly situated workers, liquidated damages in an amount equal to the unpaid amount of overtime compensation found due, reasonable attorneys fees and costs, compensatory damages, and special damages.

In the current motion, she seeks an order directing notice of the pendency of this lawsuit to all persons: (a) who performed labor for Defendants as consultants in the three years prior to the filing of this action; (b) who performed such labor in the State of Nevada; (c) who were paid by the three companies on a monthly system and did not receive pay as required by the FLSA; (d) who worked in excess of 40 hours per week and did not receive overtime pay. She requests a proposed notice be issued in the form attached as Exhibit "2" which has been approved by other judges in this district. Plaintiff asks that the court grant at least a 120-day period for additional Plaintiffs to join or opt into this litigation. She also asks that Defendants be required to provide her counsel with the names, last known addresses, last known phone numbers and email addresses of all persons who performed work for Defendants as consultants for three year prior to the filing of this Complaint to the present; that the notice of pendency and consent form be conspicuously posted in all of the Defendants' places of business; that Defendants be required to email the notice and consent to all persons who performed work as consultants three years prior to the filing of the Complaint to the present; that Defendants be required to publish notice in the next three issues of its employees newsletters, if any; and that Plaintiffs

be allowed to mail the notice and consent form to all persons who performed work at Defendants as consultants three years prior to the filing of this action to the present. Finally, Plaintiff asks that the court toll the statute of limitations in this case for the period of time that the motion is pending.

The motion is supported by the Declaration of Alma Banks. Plaintiff avers that she was employed by the Defendants from June 2008, until August 2010. Banks' Declaration ¶ 1. Prior to leaving her employment with the Defendants she worked full-time, almost always in excess of 40 hours per week (mostly during the summer months) until her employment with the Defendants terminated. *Id*. She was employed as a basic skills trainer or consultant. *Id*. ¶ 2. Her duties included remediating a school-child's behavior, escorting them out of class, teaching them social skills, counseling them and providing them transportation. *Id*. She was told when, where and how to work. *Id*. She was assigned which children to counsel and where to pick up and drop off children at school. *Id*. She could not set her own hours. *Id*. She could not hire anyone to assist her. *Id*. The Defendants did not distinguish between the companies from which she was paid. *Id*. She was told she would work with ASAP or Smart Start. *Id*. "ASAP" was an internal term, and she does not know what it stood for. *Id*. Her checks came from multiple companies including, Focus Consulting, Achievement Day Program, and Smart Start. *Id*. Her paycheck statements would not record the full amount of time that she and other installers actually worked each week. *Id*. ¶ 3. She would typically start work at 8:00 a.m. during the summer. *Id*. She was told that during the summer she would not receive overtime because "we were 'contractors', *i.e.*, independent contractors." *Id*. To her knowledge, Defendants treated everyone like this. There was a sign-in sheet Defendants kept which would show when and how employees worked with each specific client on each day. *Id*. She typically had about five to six children per day. *Id*. On average during the summer she would work nine to ten hours per day, five days a week. Once or twice a month she would work on Saturday. *Id*.

During the school year, she would start work at 10:00 a.m., and work until 7:00 p.m. *Id*. ¶ 4. She performed duties as a basic skills/trainer and consultant, and performed some administrative duties, but did not receive overtime. *Id*. Her paychecks did not reflect the actual time she worked. *Id*. She never received overtime although she worked more than 40 hours every week. *Id*. Plaintiff believes
/ / /

there were at least 40 and possibly as many as 60 consultants or basic skills trainers like her working for Defendants. *Id.* ¶ 5.

Defendants oppose the motion noting that neither the Plaintiff nor anyone else has filed a consent in writing as required by 29 U.S.C. § 216(b). Defendants also point out that they have a pending motion to dismiss the Plaintiff's Amended Complaint and argue the motion for circulation of notice should not be decided until after the motion to dismiss has been decided. Defendants argue that Plaintiff's boilerplate motion for circulation of notice does not cite a single case holding that her occupation is covered by the FLSA. Specificalyy, Defendants contend Plaintiff has not cited a single case that holds her occupation of "remediating a child's behavior, escorting them out of class, teaching them social skills, counseling them and providing them transportation" is covered by the FLSA. Defendants cite *Buckner v. Florida Habilitation Network, Inc.*, 489 F.3d 1151 1153 (11th Cir. 2007) for the proposition that providing services of taking mentally disabled patients on field trips and other outings constitutes companion services for individuals who are unable to care for themselves because of an infirmity which is exempt from the FLSA pursuant to 29 U.S.C. § 213(a)(15). Defendants suggest that the type of services Plaintiff described she provided is akin to providing companionship service and would therefore be exempt from the overtime provisions of the FLSA. Defendants maintain the court should not order that notice be circulated until the Plaintiff has shown that her employment is subject to the FLSA.

Additionally, Defendants argue that if Banks' counsel communicates with putative class members with the goal of seeking to represent them, Nevada Rule of Professional Conduct 7.3(a) applies and prohibits the solicitation of professional employment from a prospective client. Defendants point out that Banks' declaration does not allege that there is any potential class member or any potential opt-in Plaintiff who is interested in joining her lawsuit. Banks' declaration refers to herself and others as "installers" who worked over 40 hours a week and were not paid overtime, but does not explain who the installers are and what they have to do with her work with children. Defendants assert the court has a responsibility to deny Banks' motion to avoid unnecessarily stirring up litigation through unwarranted solicitation, especially because Banks has failed to establish that any other putative class members desire to join this action. Defendants also claim that Plaintiff's claim is moot because they

served an offer of judgment on her June 28, 2011.  Finally, Defendants argue Banks cannot meet the two-prong test in the Ninth Circuit for equitable tolling of the statute of limitations.

Defendants also object to the form of notice attached as an exhibit to Plaintiff's motion on several grounds.  Specifically, Defendants object that the FLSA does not regulate when wages are paid; that Leon Greenberg is not counsel in this action; that reference to "Pride Communications" should be deleted; that 45 days is sufficient for notice; that the notice should not contain a reference to minimum wage since that is not alleged in the Amended Complaint; that the statute of limitations should be two years rather than three years because no facts have been alleged to support a three-year claim; and that mailing notice is sufficient and there is no need for posting or emailing notice.

Plaintiff replies that she has now filed her consent to joinder and provided notice to Defendants rendering this argument moot.  Plaintiff also argues that the facts alleged in her Amended Complaint are sufficient to support circulation of notice, and that Defendants are wrong in asserting she has failed to allege sufficient facts regarding the existence of other similarly situated employees.  Plaintiff argues that her Complaint meets federal pleading requirements and that the burden is on the Defendants to prove that Plaintiff and putative collective class members are exempt from the FLSA.  Defendants employed her as a consultant to work with children and failed to pay her and other consultants overtime by implementing a scheme of issuing paychecks from multiple companies.  Thus, her Amended Complaint sets forth sufficient facts to support her claim the FLSA applies.  Now that Plaintiff has filed her notice of consent to joinder, there is no solicitation barrier to circulating notice to putative class members.  The reply cites portions of Plaintiff's declaration to support her claims she is similarly situated to the putative class.  She reiterates her arguments that the court should toll the statute of limitations while this motion is pending because of the time it will likely take the court to decide the motion.

During oral argument, counsel for Plaintiff represented that several individuals employed by the Defendants had approached his law firm for possible representation.  The paycheck records attached as an exhibit to the motion were obtained from one such employee.  Thus, there are putative class members interested in joining this action.  Plaintiff also argued that she had alleged the Defendants were the alter egos of one another because of information received from the Nevada Secretary of State

indicating Defendant Robinson was a common officer of all the businesses, that all of the businesses operated out of Defendant Robinson's home, and all of the businesses shared a resident agent whose address was listed at Ms. Robinson's home.

## DISCUSSION

### A. Conditional Certification of a Collective Action

Under the FLSA, an employee may initiate a class action on behalf of himself or herself and other similarly situated people. 29 U.S.C. § 216(b). The clear weight of authority holds that the requirements for class action certification under Fed. R. Civ. P. 23(a) do not apply to claims arising under the FLSA. *Wang v. Chinese Daily News, Inc.*, 623 F.3d 723, 761 (9th Cir. 2010, *citing Kinney Shoe Corp. V. Vorhes,* 564 F.2d 859, 862 (9th Cir. 1977), *overruled on other grounds by Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 167 at n.1 (1989). The FLSA permits an action to recover minimum wages, overtime compensation, liquidated damages, or injunctive relief. Although a plaintiff may bring an action on behalf of himself and others similarly situated, "no employee shall be a party to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought." 29 U.S.C. § 216(b). This is commonly referred to as the "opt-in" provision. Generally, district courts have the discretion in appropriate cases to implement § 216(b) by facilitating notice to potential plaintiffs. *Id.* at 169. The FLSA does not require certification for collective actions; however, "certification in a § 216(b) collective action is an effective case management tool, allowing the court to control the notice procedure, the definition of the class, the cut-off date for opting-in, and the orderly joinder of the parties." *Edwards v. City of Long Beach*, 467 F. Supp.2d 986, 989 (C.D. Cal. 2006).

The FLSA does not define the term "collective action," however, the Ninth Circuit has held that a collective action is "an action brought by an employee or employees for and on behalf of himself or themselves and other employees similarly situated." *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971) (*quoting H. R. Rep. No. 326, 80th Cong., 1st Sess. at 14*) (internal quotations omitted). If the court finds the named plaintiffs have established that they are "similarly situated" to a proposed collective action group of potential plaintiffs, the court may, in its discretion, authorize the

///

named § 216(b) plaintiffs to send notice to all of the potential plaintiffs and may set a deadline for those plaintiffs to "opt in" to the suit. *Edwards*, 467 F. Supp.2d at 989.

### B.     The Similarly Situated Requirement

The court must preliminarily determine whether the potential plaintiffs are "similarly situated" to create an opt-in class under § 216(b). *See Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996). A named plaintiff seeking to create a § 216(b) opt-in class must be suing on behalf of himself or herself and other "similarly situated" employees. Named plaintiffs seeking to create a § 216(b) opt-in class need only show that their positions are similar, but not identical to, the positions held by putative class members. *Id. (quoting Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)), aff'd in part and repealed and dismissed in part, 862 F.2d 439 (3rd Cir. 1988), aff'd, 493 U.S. 165 (1989)). The similarly situated requirement of § 216(b) "is more elastic and less stringent" than the joinder and severance requirements found in Rule 20 and Rule 42 respectively of the Federal Rules of Civil Procedure. *Id.* at 1095.

The FLSA does not define the term "similarly situated," and the Ninth Circuit has not yet formulated a test for courts to determine whether putative class members are "similarly situated." However, a number of courts, including this one, have adopted a two-step approach for determining whether potential plaintiffs are "similarly situated" for purposes of conditional class certification under § 216(b). This approach involves notification to potential class members of the representative action followed by a final "similarly situated" determination after discovery is completed. At the first, or "notice stage," the court relies "primarily on the pleadings and any affidavits submitted by the parties," [to decide] "whether the potential class should be given notice of the action." *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). A fairly lenient standard applies to the first step determination and typically results in "conditional class certification" of a representative class. *Id.* at 467. A fairly lenient standard is applied because at the initial stage of a collective action case, the court has "minimal evidence" to make its determination. *Mooney v. Aramco Services, Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003); *Kane v. Gage*, 138 F. Supp.2d 212, 214 (D. Mass. 2001). At the initial notice stage, a plaintiff need only make substantial allegations that the putative class members were subject to a single

decision, policy, or plan that violated the law. *Mooney, Id.* at 1214 n. 8. However, "a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b)". *Grayson*, 79 F.3d at 1095. The majority of courts have adopted this two-tier approach. *Leuthold, Id.*

If the court conditionally certifies a class under § 216(b) and authorizes notice to putative class members, the parties conduct discovery, and once discovery is complete, the party opposing class certification may move to decertify the class. *Id.* at 467. In determining whether to certify or decertify the conditionally certified class, the court makes "a factual determination regarding the propriety and scope of the class." *Id.* Factors the court considers in making its factual determination include "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." This determination is made after discovery is completed so that the court has a complete factual record on which to base its decision whether the plaintiffs are similarly situated. If the plaintiffs are not similarly situated, "then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice." *Id.*

The Defendants filed a Motion to Dismiss the Amended Complaint (Dkt. #16) which is now fully briefed and under submission to the district judge. The motion to dismiss claims that the Amended Complaint allegations are conclusory and insufficient to state a claim against the Defendants under the FLSA or Nevada's Wage and Hour Laws citing *Ashcroft v. Iqbal*, __ U.S. ___, 129 S.Ct 1937, 1950 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955 (2007). The motion to dismiss asserts that the Amended Complaint fails to allege sufficient facts to establish a violation of the FLSA. It also argues that dismissal of Plaintiff's alter ego claims against Defendant Andreana Robinson and the other Defendants is required because the Amended Complaint fails to allege specific facts supporting her legal conclusion that Robinson is the alter ego of the other Defendants.

Having reviewed and considered the moving and responsive papers and the arguments of counsel the court finds it makes little sense to allow conditional certification of a Section 216(b) collective action while the motion to dismiss is pending. If the district judge agrees with the

Defendants' position, there will be no collective action to certify. Additionally, on the merits, the court finds Plaintiff has failed to make a sufficient threshold and showing that she is similarly situated to others who work for the Defendants, or that she and others were subject to a single decision, policy or plan that violated the FLSA. Plaintiff has also not established any basis for notice to employees or consultants working for Defendants three years prior to the date the complaint was filed. According to her declaration she worked for the Defendants between June of 2008 and August of 2010.

Although the courts have clearly held that the Plaintiff's burden at the notice stage is light, "unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Freeman v. Wal-Mart*, 256 F. Supp.2d 941, 945 (W.D. Ark. 2003), *citing Haynes v. Singer, Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983). *Edwards*, 467 F. Supp.2d at 990. *See also Bernard v. Household Intern., Inc.*, 231 F. Supp.2d 433, 435 (E.D. Va. 2002) ("mere allegations will not suffice; some factual evidence is necessary.") Plaintiff's declaration simply does not provide sufficient factual evidence that others who worked for the Defendants were similarly situated for purposes of 28 U.S.C. § 216(b) conditional certification.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Circulation of Notice of the Pendency of this Action (Dkt. #17) is **DENIED without prejudice.**

Dated this 26th day of July, 2011.

Peggy A. Leen
United States Magistrate Judge