UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALMA BANKS, individually and on behalf of others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>ANDREANA ROBINSON, an individual aka COMPASS BEHAVIORAL HEALTH, an entity form unknown; COMPASS BEHAVIORAL HEALTH, an entity form unknown; FOCUS CONSULTING, LLC, a Nevada limited liability company; ACHIEVEMENT DAY PROGRAM, INC., a Nevada corporation; SMART START, Nevada corporation; DOES I through X; And ROE Corporations I through X, inclusive,<br><br>　　　　　　　　Defendants. | Case No.: 2:11-cv-00441-RLH-PAL<br><br>**O R D E R**<br><br>(Motion to Dismiss–#16;<br>Motion to Supplement–#34) |

　　　　Before the Court is Defendants' **Motion to Dismiss** (#16, filed May 20, 2011) based on a lack of jurisdiction and failure to state a claim. The Court has also considered Plaintiff Alma Banks' Opposition (#21, filed June 13), and Defendants' Reply (#25, filed July 8).

　　　　Also before the Court is Defendants' **Motion to File a Supplement in Support of Motion to Dismiss** (#34, filed Sept. 21). The Court has also considered Banks' Opposition (#36, filed Oct. 6), and Defendants' Reply (#37, filed Oct. 14).

## BACKGROUND

This dispute arises from the Defendants alleged failure to pay overtime wages to Banks. Banks alleges that she worked for Defendants, which, she claims, are a joint enterprise. When she would work 40 hours in a week for one, she would be reassigned to another so as to not pay her overtime. For the reasons discussed below, the Court grants Defendants' motion as Banks' federal claim is now moot and the Court declines to exercise supplemental jurisdiction over Banks' remaining state claims.

## DISCUSSION

**I.   Standard**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Article III of the Constitution limits the jurisdiction of the federal courts to "Cases" or "Controversies." *See* U.S. Const. art. III, § 2, cl. 1. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011). "A case becomes moot 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome' of the litigation." *Id.* at 1086-87 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "Whether 'the dispute between the parties was very much alive when suit was filed ... cannot substitute for the actual case or controversy that an exercise of this [c]ourt's jurisdiction requires.'" *Id.* (quoting *Honig v. Doe*, 484 U.S. 305, 317, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (alteration in original)). "In other words, if events subsequent to the filing of the case resolve the parties' dispute," federal courts

must dismiss the case because federal courts lack the "constitutional authority to decide moot cases." *Id.* at 1087 (internal quotations and citations omitted).

A defendant may make a "factual" attack pursuant to Rule 12(b)(1) accompanied by extrinsic evidence. *Whitethorn v. F.C.C.*, 235 F.Supp.2d 1092, 1095–96 (D. Nev. 2002) (citing *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A plaintiff must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201. When considering a factual attack on subject matter jurisdiction, "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citing *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). When subject matter jurisdiction is factually challenged, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill Publ'g Co.*, 594 F.2d at 733.

**II.    Analysis**

As a preliminary matter, the Court grants the motion to supplement and will review the supplemental material in ruling on the motion to dismiss.

Defendants challenge the Court's subject matter jurisdiction on the basis that the controversy has become moot due to Defendants' Rule 68 offer of judgment, which they claim fully satisfies Banks' claim. The Ninth Circuit recently decided that a "rejected offer of judgment for the full amount of a putative class representative's individual claim" does not moot an action "where the offer precedes the filing of a motion for class certification." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1084 (9th Cir. 2011). The *Pitts* court determined that the putative class representative still had an interest in the case until a motion for class certification would no longer be timely. *Id.* at 1091-92. However, here, Banks does not bring her Fair Labor Standards Act ("FLSA") claim as a class action claim pursuant to Federal Rule of Civil Procedure 23, but as a

collective action pursuant to the FLSA.[1] FLSA claims under 29 U.S.C. § 216(b) are inherently different from Rule 23 class actions because the named plaintiff has no procedural right to represent other similarly situated parties. *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1249 (11th Cir.2003) ("under § 216(b), the named plaintiff does not have the right to act in a role analogous to the private attorney general concept" found in Rule 23 class actions). Thus, *Pitt* is not on point. Here, no other plaintiffs have elected to join this action since it was filed in late March and the Court has denied Banks' motion for circulation of the pendency of this action, which is sufficiently equivalent to a motion to certify a class for the purposes of this order. Since the Court denied the motion for circulation and no other parties have opted in, Banks only asserts her individual claim. Therefore, if Banks' claims is fully satisfied by the offer of judgment, she maintains no further interest in this case and it is moot.

The offer of judgment fully satisfies Banks' claims despite her protestations to the contrary. Even though Banks' acknowledges that if her claim was fully satisfied, her claim would be moot, (Dkt. #36, Resp. 3:14-16), she states:

> Defendants' Second Offer of Judgment (#34, Ex. "A"), "offers" Plaintiff a total of $835.00 to settle this action. The Defendants' have no basis for asserting the mere sum of $835.00 would result in "full satisfaction" of Plaintiff's claim. Defendants' claim that Plaintiff would waste this Court's time for a sum of $835.00 is false and insulting.

(*Id.*, 16-19.) First, Banks fails to acknowledge that Defendants' offer of judgment also includes her costs and attorney's fees accrued through September 1, 2011 (the date of the offer), to be determined by the Court. This even moots Banks' interest in having other potential plaintiffs share in the costs of litigation if she were to eventually obtain the equivalent of class action certification. *See Pitts*, 653 F.3d at 1090.[2] Second, Banks does not legitimately contest that $835.00 is not the

---

[1] Banks does bring her state law claims as class action claims under Rule 23.

[2] The *Pitts* court also recognizes that there may be an attorney general-type right and interest to represent similarly situated plaintiffs under Rule 23 even after class certification has been denied. However, this policy and procedural right does not exist in the FLSA collective action context, and is therefore not relevant here. *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1249 (11th Cir.2003) ("under § 216(b), the

AO 72
(Rev. 8/82)

correct amount of damages ($417.50 for unpaid overtime and $417.50 as liquidated damages as calculated in Dkt. #37, Reply Ex. B, Andreana Robinson Aff.) Defendants would owe her under 29 U.S.C. § 216(b), but simply denies that it is so.  This is completely insufficient to meet her "burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair*, 880 F.2d at 201.  As Banks has completely abdicated her burden by failing to legitimately contest the amount of damages, the Court must grant the motion and enter judgment in favor of Defendants. However, in so doing, the Court only grants the motion conditionally upon proof of payment of the full judgment, which shall include costs, attorney's fees, and $835.00 in damages.

Further, the Court declines supplemental jurisdiction over Banks' remaining state law claims after the dismissal of her federal claim.  Thus, the Court dismisses Banks' state law claims without prejudice to her refiling in state court.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion to Supplement (#34) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss (#16) is GRANTED conditionally upon Defendants paying to Banks $835.00 plus costs and reasonable attorney's fees as of September 1, 2011, to be determined by the Court upon motion.  Banks' attorneys shall submit their motion for fees no later than December 16, 2011.  Further, Court dismisses the state law claims without prejudice.

Dated: November 22, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**

---

named plaintiff does not have the right to act in a role analogous to the private attorney general concept" found in Rule 23 class actions).