# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALMA BANKS, individually and on behalf of others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREANA ROBINSON, an individual aka COMPASS BEHAVIORAL HEALTH, an entity form unknown; COMPASS BEHAVIORAL HEALTH, an entity form unknown; FOCUS CONSULTING, LLC, a Nevada limited liability company; ACHIEVEMENT DAY PROGRAM, INC., a Nevada corporation; SMART START, Nevada corporation; DOES I through X; And ROE Corporations I through X, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:11-cv-00441-RLH-PAL<br><br>**O R D E R**<br><br>(Motion for Attorney's Fees and Costs–#39; Bill of Costs–#40) |

　　　　Before the Court is Plaintiff Alma Banks **Motion for Attorneys' Fees and Costs** (#39, filed Dec. 16, 2011) based on the Court's prior Order (#38) and Defendants' Second Offer of Judgment. The Court has also considered Defendants' Opposition (#43, filed Jan. 3, 2012), and Banks' Reply (#46, filed Jan. 13). The Court has also considered Banks **Bill of Costs** (#40, filed Dec. 16, 2011).

1

AO 72
(Rev. 8/82)

## BACKGROUND

This dispute arises from the Defendants' alleged failure to pay overtime wages to Banks. Banks alleged that she worked for Defendants, which, she claimed, are a joint enterprise. When she would work 40 hours in a week for one of the Defendant companies, Banks alleged she would be reassigned to another of the companies so that the none of the companies had to pay her overtime.

After approximately six months of litigation, Defendants made their Second Offer of Judgment (Dkt. #34, Ex. A). The Court determined in its Order (#38) that this Offer of Judgment fully satisfied Banks' claim because it covered her total unpaid overtime, statutory damages, reasonable attorneys' fees to the date of the Offer of Judgment, and costs. Thus, the Court dismissed Banks' claim contingent upon Defendants' payment of the full judgment, which was to contain the $835.00 in damages and reasonable attorneys' fees and costs to be determined by the Court. Now before the Court is Banks' request for attorneys' fees and costs. For the reasons discussed below, the Court grants Banks' motion, but reduces the amount of fees as explained below.

## DISCUSSION

Defendants Offer of Judgment included an offer to pay Banks' reasonable attorneys' fees and costs. Thus, the Court is not determining whether Banks is entitled to attorneys' fees and costs, merely the amount of fees and costs. To calculate the amount and reasonableness of fees, courts in the Ninth Circuit apply the "lodestar" method. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). This requires the Court to multiply the reasonable number of hours expended on a case by a reasonable hourly fee. *Id.* There are generally 11 factors that a court determines in assessing the reasonableness of a fees award:

> (1) the time and labor required; (2) the novelty and difficulty of the issues;
> (3) the skill requisite to perform the legal service properly; (4) the preclusion
> of employment by the attorney due to acceptance of the case; (5) the
> customary fee; (6) time limitations imposed by the client or the
> circumstances; (7) the amount involved and the results obtained; (8) the

experience, reputation and ability of the attorneys; (9) the "undesirability" of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases.

*Id.* at 1045 n.2 (citing *Hensley v. Eckert*, 461 U.S. 424, 430 n.3 (983)).

After consideration of these various factors, the Court finds that Banks requested fees are excessive and not reasonable. Banks requests $16,058.25 in attorneys' fees. Banks requests an hourly rate of $450 for senior counsel Andrew Rempfer and Christian Gabroy, and $350 for associate counsel David Wedemeyer. However, Rempfer and Gabroy admit that their normal hourly rates are significantly less than the rates they currently propose and Wedemeyer has relatively little experience as an attorney. Gabroy generally works on a contingency fee basis, but when he charges hourly he charges rates of between $75-350. (Dkt. #39, Mot. Ex. 1, Decl. of Christian Gabroy ¶ 10.) Rempfer ordinarily charges hourly rates between $250-275 when not working on a contingency fee basis. (*Id.*, Ex. 3, Decl. of Andrew L. Rempfer ¶ 5.) Finally, Wedemeyer, who only has three years of experience as an attorney, claims to charge an hourly rate of $350 when not working on a contingency fee basis. (*Id.*, Ex. 2, Decl. of David J. Wedemeyer ¶ 1, 3.) This is excessive considering Rempfer and Gabroy's normal rates. The Court will not award fees at the requested hourly rates but reduces the hourly rates to $300 per hour for Rempfer and Gabroy based on what they normally bill. The Court also reduces Wedemeyer's rate to $250 based on similar work billed by Defendants' counsels' associate attorneys. (Dkt. #43, Resp. Ex. 1, Aff. of Melani Kotchka ¶ 8.) Based on this determination on hourly rates and counsels' time sheets, the Court awards fees in the total amount of $12,150.00. Additionally, the Court awards the requested costs in the amount of $717.00.

/

/

/

/

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Banks' Motion for Attorneys' Fees and Costs (#39) is GRANTED in the reduced amounts stated above.

Dated: March 21, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**